UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORENCE VICTORIA ETEFIA,                      Case No. 23-11775

     Plaintiff,                                                F. Kay Behm
v.                                                                    United States District Judge

AUBURN HILLS POLICE DEPARTMENT,        Curtis Ivy
*et al.*,                                                            United States Magistrate Judge

     Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JANUARY 23, 2024
<u>REPORT AND RECOMMENDATION (ECF No. 45)</u>**

     Currently before the Court is Magistrate Judge Curtis Ivy's January 23, 2024 Report and Recommendation. (ECF No. 45). Magistrate Judge Ivy recommends granting Defendant Nusbaum's motion to dismiss (ECF No. 12) and Defendants Krystyn and Wahl's motion to dismiss (ECF No. 41). Plaintiff filed what purports to be an objection to the Magistrate Judge's recommended disposition. (ECF No. 49). The entirety of her objection reads as follows:

> I Florence Victoria Etefia, pro se respectfully object to these recommendations of dismissal. However, I did not receive your recommendations and the order for a conference until January 26, 2024 past the 14 day rule to reply in the United States mail. Scammers has [sic] made it impossible for me to use technology in my home

> as previously stated to the court.  I have filed this injunction because of the abusive treatment I received in McLaren Hospital as well as continued abuse out of the hospital by bad "actors."  I will await your ruling your honor.

(ECF No. 49).  Defendants filed responses.  (ECF Nos. 52, 53).  Plaintiff's objection is non-specific, vague, and does not constitute a proper objection.  *See Hart v. Wood*, 2015 WL 4393279, at *1 (W.D. Tenn. July 15, 2015) (citing *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (the filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object); *Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report.  A general objection is considered the equivalent of failing to object entirely.")); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Because Plaintiff's objections are so vague and non-specific, the court need not consider them further and may treat the Report and Recommendation as

2

though the parties did not object.  "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The court nevertheless agrees with the Magistrate Judge's recommended disposition.  Therefore, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 45) and **GRANTS** the motions to dismiss (ECF Nos. 12, 41).

    **SO ORDERED**.

Date: March 5, 2024　　　　　　　　　　s/F. Kay Behm
　　　　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　　　　United States District Judge