UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLORENCE VICTORIA ETEFIA,<br>    Plaintiff,<br>v.<br><br>AUBURN HILLS POLICE<br>DEPARTMENT, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-11775<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT DR. RUZA AND THE AUBURN HILLS DEFENDANTS

**I.    BACKGROUND**

Plaintiff Florence Etefia filed this case alleging civil rights violations, without the assistance of counsel, on July 24, 2023. (ECF No. 1). She alleges her rights were violated in various ways when she was involuntarily committed to a psychiatric unit earlier in 2023. Defendant Nusbaum, a social worker for Oakland County, and Defendants Drs. Krystyna and Wahl, who worked in the mental health unit at McLaren Hospital, have been dismissed under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 45, 54). Remaining defendants are the Auburn Hills Police Department, Fire Department, Ambulance Service, and Dr. Ruza, another physician from McLaren Hospital. This case was referred to the undersigned for all pretrial matters. (ECF No. 8). The allegations giving rise to

this lawsuit are recounted in the report and recommendation filed January 23, 2024, and will not be repeated here.

This report and recommendation is to dismiss the remaining defendants for the reasons explained below.

## II. ANALYSIS AND RECOMMENDATIONS

### A. Failure to Timely Serve Dr. Ruza

On August 3, 2023, Plaintiff filed a certificate of service purporting to show that Defendant Ruza was served with the summons and complaint on July 31, 2023. (ECF No. 6). The returned green card shows that mail was addressed to Dr. Theodore Ruza at McLaren Hospital. That mail was received, and the green card signed, by someone other than Dr. Ruza. (ECF No. 6, PageID.26). The same person signed the returned card for Defendants Wahl and Krystyna. (*Id.*). On February 20, 2024, the undersigned ordered Plaintiff to show cause why Ruza should not be dismissed for failure to time serve him under Fed. R. Civ. P. 4(m) or, if she could show Ruza was properly served, why Ruza should not be dismissed for failure to prosecute the case against him. (ECF No. 51). In that Order to Show Cause, the undersigned explained the Federal and Michigan rules for service on an individual as follows.

Pursuant to Federal Rule of Civil Procedure 4(e), service may be made by any means permitted under Michigan law, or by doing any of the following: (1)

2

personally serving the summons and complaint, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age, or (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A-C). Plaintiff did not attempt either of these methods; she attempted service by mail. Plaintiff must therefore comply with the Michigan rules for service on an individual.

Pursuant to the Michigan Court Rules for service on an individual, service of process may be achieved by either of two means:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1-2). "[A]ctual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison v. Burt*, 2008 WL 3984044, at *1 (E.D. Mich. Aug. 28, 2008).

The undersigned noted that the certified mail slip did not restrict delivery to Dr. Ruza, so service did not comply with the Federal or Michigan rules for service on an individual.

3

Under Fed. R. Civ. P. 4(m), if the complaint is not served within 90 days of filing, the Court must dismiss the action without prejudice against any unserved defendants unless good cause is shown for the failure. Plaintiff was ordered to show cause on or before March 8, 2024, why Ruza should not be dismissed for failure to timely serve him. Alternatively, if Plaintiff could show Ruza was properly served but failed to appear, Plaintiff was ordered to show cause why this Defendant should not be dismissed for failure to prosecute the case against him.

Plaintiff did not file a response specific to the Order to Show Cause. Instead, she included a statement about service of process in her March 6, 2024, reply to the Report and Recommendation. (ECF No. 55). There, she says Defendant Ruza was served according to Federal law in the same way Defendants Wahl and Krystyna were served. (*Id.* at PageID.384-85). Plaintiff called Ruza's attorney apparently to discuss why he had not appeared on behalf of Ruza. Plaintiff says Ruza's attorney filed the Order to Show cause, which is not true.

Plaintiff's statements in her recent filing do not establish that Defendant Ruza was properly served with the summons and complaint. Because more than 90 days have passed since the filing of the complaint and Defendant Ruza has not been served, the undersigned recommends that Ruza be dismissed without prejudice.

B.    <u>Auburn Hills Defendants</u>

4

Plaintiff submitted a proposed discovery plan, as ordered, before a telephonic scheduling conference. (ECF No. 50). In her proposed plan, she "respectfully ask[ed] the court to dismiss the allegations in her lawsuit against the City of Auburn Hills, Michigan, Police, Fire, and Ambulance services." (ECF No. 50, PageID.336). Since that filing, she has twice confirmed her desire that these three defendants be dismissed. During the February 20, 2024, scheduling conference, she confirmed that she wanted those defendants dismissed, and she confirmed it again on the record during an April 11, 2024, status conference via Zoom.

Federal Rule of Civil Procedure 41(a) allows a party to voluntarily dismiss an opposing party. Because the Auburn Hills Police Department, Fire Department, and Ambulance Service have filed an answer to the complaint, Plaintiff can accomplish dismissal of these Defendants only by Court Order. Fed. R. Civ. P. 41(a)(2). The undersigned recommends that the Auburn Hills Police Department, Fire Department, and Ambulance Service be dismissed on Plaintiff's request.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Ruza be **DISMISSED** for failure to timely serve this defendant and that Defendants Auburn Hills Police Department, Fire Department, and Ambulance

Service be **DISMISSED** under Fed. R. Civ. P. 41(a)(2). If this report and recommendation is adopted, all defendants will have been dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 11, 2024.                              s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 11, 2024.

                                                   s/Sara Krause
                                                   Case Manager
                                                   (810) 341-7850

7