UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLORENCE VICTORIA ETEFIA, | Case No. 23-11775 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| AUBURN HILLS POLICE DEPARTMENT, *et al.*, | Curtis Ivy United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 59)

On May 3, 2024, the court adopted the April 11, 2024 Report and Recommendation issued by Magistrate Judge Ivy recommending dismissal of the last of Plaintiff's claims. (ECF No. 58). Plaintiff did not file timely objections to that Report and Recommendation. Now, Plaintiff moves for reconsideration of the court's order. (ECF No. 59). Plaintiff says that she "strongly objected" to the recommended dismissal in a timely manner, citing ECF Nos. 49, 50, 55, and 31. However, none of these record citations are objections to the Report and Recommendation that was the subject of the court's May 3, 2024 Order. ECF No. 49 is an objection to an earlier Report and Recommendation, ECF No. 50 is a Rule 26(f) plan, ECF No. 55 relates to an earlier Report and Recommendation, and ECF

1

No. 31 is a response to a motion to dismiss.  Plaintiff points to no objection timely filed to Magistrate Judge Ivy's April 11, 2024 Report and Recommendation.

Federal Rule of Civil Procedure 60 governs motions for reconsideration of a final order.  *See Prieto Refunjol v. Adducci*, 2020 WL 3026236, at *3 n. 4 (S.D. Ohio June 5, 2020) (Rule 60 only applies to motions seeking reconsideration of a final order.).  Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Plaintiff has not, however, identified or analyzed any of the grounds set forth in Rule 60 in support of her motion for reconsideration. *See id*. And the court finds no basis to revisit its earlier conclusion that Plaintiff failed to timely object to the April 11, 2024 Report and Recommendation and that adopting the recommendation to dismiss the remaining Defendants was the appropriate course of action. Accordingly, her motion is **DENIED**.

    **SO ORDERED**.

Date: May 29, 2024                                                          s/F. Kay Behm
                                                                               F. Kay Behm
                                                                               United States District Judge